Youssef H. Hammoud (SBN: 321934)
Lauren Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Heba Ahmed*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEBA AHMED,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC and RENTSPREE, INC.,<br><br>Defendants. | Case No.: 8:22-cv-00366<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FCRA, 15 U.S.C. 1681 *et seq.* |

Plaintiff Heba Ahmed ("Plaintiff"), through counsel, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendants RentSpree, Inc. ("RentSpree") and Trans Union LLC ("Trans Union") (referenced collectively as "Defendants").

## I. INTRODUCTION

1. Plaintiff's Complaint alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq.* against the Defendants Trans Union and RentSpree, each a consumer reporting agency, for reporting inaccurate information on Plaintiff's consumer report. "Consumer reports" under 15 U.S.C. 1681a(d) include both disclosures obtained directly by Plaintiff from a consumer reporting agency and consumer reports obtained by third parties as a factor in establishing Plaintiff's eligibility for housing.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the Fair Credit Reporting Act, a federal law. See 15 U.S.C. § 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

3. Venue in the Central District of California is proper pursuant to 28 U.S.C. § 1391 because Defendants regularly transact business within this District, are otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## III. PARTIES

4. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

5. Plaintiff is a natural person who resides in California.

6. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. Defendant RentSpree is a "reseller," as defined in 15 U.S.C. § 1681a(u). Upon information and belief, RentSpree is regularly engaged in the business of assembling and merging information contained in the database of another consumer reporting agency concerning any consumer for the purpose of furnishing such information to third parties through "consumer reports," as defined in 15 U.S.C. § 1681a(d). RentSpree does not maintain a database of the assembled or merged information from which new consumer reports are produced, as defined by 15 U.S.C. § 1681a(u)(1), (2). RentSpree's principal place of business is located at 17815 Ventura Blvd., Suite 202, Encino, CA 91316.

8. Defendant Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f)). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Trans Union's principal place of business is located at 555 West Adams Street, Chicago, Illinois 60661. Trans Union can be served at their Registered Agent Prentice Hall Corporation at 801 Adlai Stevenson Drive, Springfield, IL 62703.

9. During all times pertinent to this Complaint, Defendants were authorized to conduct business in the State of California and conducted business in the State of California on a routine and systematic basis.

10. Defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties. Defendants regularly furnish consumer reports to third parties for monetary compensation, fees, and other dues, using means and facilities of interstate commerce, and are therefore "consumer reporting agencies" as defined by 15 U.S.C. § 1681a(f) of the FCRA.

11. During all times pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

12. Any violations by Defendants were not in good faith, were knowing, negligent, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## IV.    FACTUAL BACKGROUND

13. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

14. RentSpree partners with more than one hundred and sixty (160) Multiple Listing Services, Realtor® Associations, brokerages, and real estate

platforms across the country and serves over half a million agents, owners, and renters across the country.

15. Given its multiple partnerships and growing popularity, many landlords and agents around the country and in California use RentSpree to obtain information on tenants.

16. Rentspree provides real estate agents, landlords and property managers with rental applications, full credit reports & scores, criminal background checks and nationwide evictions reports.

17. RentSpree partners with one of the major credit reporting bureaus, Trans Union, to obtain a tenant's consumer report and then transmits these consumer reports to landlords and agents.

18. Upon information and belief, RentSpree does not verify, check, or otherwise review the consumer information provided by Trans Union prior to assembling and merging the information and furnishing it to the third party landlords, real estate agents and property managers.

19. Trans Union Smart Move is a tenant screening service that provides a landlord, real estate agent and/or property manager a tenant's consumer credit report, criminal report, and other information related to the tenant.

20. In or about September 2021, Plaintiff was notified by her landlord that he was terminating her lease in 90 days.

21. Plaintiff therefore needed to move out of the home at the end of January 2022.

22. Following the notice, Plaintiff and her family began their search for a new residential property to rent.

23. Plaintiff submitted her a rental application to at least ten (10) or more properties.

24. Plaintiff was denied each and every time.

25. Plaintiff was confused by these denials as she met the income and credit criteria requirements for all rental properties for which she submitted a rental application.

26. Upon information and belief, all or most of the landlords, real estate agents and/or property managers utilized RentSpree and/or Trans Union Smart Move to obtain Plaintiff's consumer credit report and other information related to the rental application process.

27. Plaintiff contacted the landlords, real estate agents, and/or property managers that denied her applications to identify the reason for her denial.

28. To her surprise, one or more of the landlords, real estate agents, and/or property managers responses indicated that the reason for the denial was her consumer credit reports reflected that her social security number was fraudulent and/or invalid.

29. Plaintiff was distraught, confused and shocked to learn that her consumer credit report indicated that her social security number was fraudulent and/or invalid.

30. One real estate agent stated that the reason for denial was that "[t]he credit report stated that the social may be involved in fraud or that it may be invalid or something like that."

31. Plaintiff was extremely embarrassed because she had to explain to multiple parties that her social security number was indeed valid and was not fraudulent.

32. However, due to the significantly high demand for rental properties, coupled with the excessive number of rental applications for each residential rental property, the landlords, real estate agents and/or property managers were not willing to give Plaintiff's application another review even work with her to verify that the information was inaccurate despite her repeated efforts.

33. On or about January 13, 2022, Plaintiff obtained her Trans Union SmartMove consumer report provided by RentSpree.

34. Plaintiff learned that Defendants inaccurately reported under the "Fraud Indicator(s)" section of the report, that Plaintiff's "SSN may be invalid – it was either very recently or never issued by the Social Security Administration."

35. Plaintiff and her family sought asylum in the United States from their home country in June 2010. In December 2011, Plaintiff and her family were granted work authorization cards and properly issued social security numbers from the Social Security Administration.

36. Obtaining work authorizations cards and a properly issued social security number was a momentous moment for Plaintiff and her family.

37. Since then, Plaintiff and her family have been legally employed by various employers without any issues related to their SSNs.

38. After years of waiting for citizenship, going to courts, and working hard to afford an attorney so that they could ensure they did everything correctly, Plaintiff could not believe that her consumer report had a fraud and invalid indicator associated with her social security number.

39. Plaintiff was especially distressed because her journey to the United States, to obtain residency and to acquire a social security number was a difficult one that took an emotional and financial toll upon her and her family.

40. The inaccurate reporting by Defendants left Plaintiff feeling that the many years of perseverance and hardship to obtain residency and a social security number were for nothing.

41. After discovering Defendants' inaccurate reporting, Plaintiff, together with her family, contacted RentSpree regarding the fraud indicator associated with

their respective social security numbers. RentSpree told Plaintiff and her family that it could not help them and that they needed to contact Trans Union.

42.   Plaintiff and her family then contacted Trans Union SmartMove and explained that the family was applying to rent a new residential property but their applications were being denied and/or not even considered due to the fraud indicator Trans Union SmartMove was inaccurately reporting in their consumer reports.

43.   The Trans Union representative informed Plaintiff and her family that Trans Union SmartMove includes the fraud indicator in the reports of any consumers that obtained a social security number after 2011.

44.   Further, the representative stated that the landlords, real estate agents and/or property managers have the freedom to reach out to Trans Union SmartMove directly to verify the information being reported by Trans Union.

45.   Plaintiff and her family explained to the representative that the fraud indicator information was both misleading and unclear and re-emphasized that it was the cause of Plaintiff's rental application denials.

46.   Plaintiff and her family explained that when they are applying to rent a home and there are multiple other qualified tenants, no landlord, real estate agent or property manager will take the time to call Trans Union to verify whether the social security number is fraudulent and/or invalid.

47. In addition, Plaintiff and her family explained that no landlord, real estate agent and/or property manager will call Trans Union because nowhere on the consumer reports does it state that Trans Union should be contacted to verify the information.

48. The representative stated that Trans Union Credit Bureau would need to be contacted if Plaintiff or any of her family members wanted to correct any information as only Trans Union Credit Bureau could alter or remove information.

49. Plaintiff and her family then contacted Trans Union Credit Bureau, who stated that Plaintiff and her family's consumer reports did not include any inaccurate information because they did obtain their social security numbers after 2011.

50. Trans Union Credit Bureau also informed them that there was no fraud indicator present on its end.

51. Neither Trans Union SmartMove nor Trans Union Credit Bureau corrected the reporting of Plaintiff's consumer report which inaccurately indicated that her social security number was either fraudulent and/or invalid.

52. Defendants' inaccurate reporting regarding the status of her social security number was published to multiple landlords, real estate agents and/or property managers by Defendants during the process of Plaintiff's rental applications.

53. Plaintiff had one or more rental application denied because Defendants' reporting made it seem as though Plaintiff's social security number was fraudulently obtained and could not be verified.

54. Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff when it prepared her report one or more times and published them to third parties.

55. Defendants reporting that Plaintiff's "SSN may be invalid – it was either very recently or never issued by the Social Security Administration" is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions (which it did).

56. As a direct result of Defendants' inaccurate reporting, Plaintiff and her family have been unable to find a new residential rental property.

57. Additionally, Plaintiff suffered and continues to suffer interference with daily activities, as well as emotions distress, including, without limitation, emotional and mental anguish, loss of sleep, reputational harm, violation of privacy, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

## V.   COUNT I

**Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)**

58. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

59. The FCRA requires CRAs and Resellers, like Defendants, to maintain and follow reasonable procedures to assure maximum possible accuracy of consumer information. 15 U.S.C. § 1681e(b).

60. Defendants negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of Plaintiff's information when they prepared her consumer report(s).

61. Defendants received information regarding Plaintiff's social security number indicating that Plaintiff's SSN was properly issued by the Social Security Administration through the same sources it obtained Plaintiff's Social Security Number.

62. Plaintiff and her family also directly called and informed Defendants that Plaintiff's social security number was properly issued by the Social Security Administration and that reporting her SSN with a fraud indicator and/or indicating it was invalid was misleading landlords into denying her rental applications.

63. Therefore, Defendants knew that Plaintiff's SSN was not fraudulent and/or invalid.

64. Defendants also knew that reporting the SSN with a fraud indicator and/or as invalid in a consumer's report is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.

65. Despite that knowledge, Defendants inaccurately reported Plaintiff's SSN with a fraud indicator and/or as invalid on Plaintiff's consumer reports.

66. Defendants knew or should have known of their obligations under the FCRA.

67. These obligations are well established plain language of the FCRA, promulgated by the Federal Trade Commission, detailed in case law, and exemplified in prior cases involving Defendants from which Defendants are on notice of their unreasonable procedures concerning their reporting.

68. Additionally, Defendants possess or could easily obtain substantial written materials that detail their duties and obligations under the FCRA.

69. Despite knowledge of these legal obligations, Defendants willfully and knowingly breached their duties in violation of 15 U.S.C. § 1681e(b). Accordingly, Defendants deprived Plaintiff of Plaintiff's rights as a consumer under the FCRA.

70. Defendants also violated 15 U.S.C. § 1681e(b) by failing to report accurate information when Defendants knew or should have known the information they were reporting is inaccurate and misleading, and/or otherwise contradicted by information known by Defendants, reported to Defendants, and reasonably available to Defendants.

71. Defendants' violations of 15 U.S.C. § 1681e(b) were willful.

72.     Alternatively, Defendants' violations of 15 U.S.C. § 1681e(b) were negligent.

73.     Plaintiff suffers actual damages, including the inability to find housing, rental application denials, and other financial harm caused by Defendants' inaccurate reporting of a fraud indicator on Plaintiff's consumer report.

74.     Plaintiff also suffers interference with daily activities caused by other harm including, but not limited to, emotional distress, mental anguish, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

75.     Defendants are direct and proximate causes of Plaintiff's damages.

76.     Defendants are substantial factors in Plaintiff's damages.

77.     Therefore, each Defendant is individually liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 *et seq*.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgments against Defendants for the following:

(a)     Declaratory judgment that Defendants violated the FCRA, 15 U.S.C. § 1681e(b);

(b)     An award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) or 1681o(a)(1);

(c) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1);

(d) An award of punitive damages, as allowed by the Court pursuant to 15 U.S.C. § 1681n(a)(2),

(e) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2);

(f) Punitive damages to be determined at trial, for the sake of example and punishing Defendants for their malicious conduct, pursuant to Cal. Civ. Code § 3294; and

(g) Such other and further relief as this Honorable Court may deem just and proper, including any applicable pre-judgment and post-judgment interest, and/or declaratory relief.

## VII.   JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

DATED:   March 8, 2022

RESPECTFULLY SUBMITTED,

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Heba Ahmed*