Kristin L. Marker (State Bar No. 278596)
kmarker@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5442
(214) 871-2111 Fax
*Counsel for Trans Union Rental Screening*
*Solutions, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEBA AHMED,<br><br>           Plaintiff,<br><br>v.<br><br>TRANS UNION LLC and RENTSPREE, INC.,<br><br>           Defendants. | Case No. 8:22-cv-00366-CJC-JDE<br><br>Hon. Cormac J. Carney<br><br>**DEFENDANT TRANS UNION RENTAL SCREENING SOLUTIONS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Trans Union Rental Screening Solutions, Inc., incorrectly named as Trans Union LLC ("TURSS"), by and through its attorneys Quilling, Selander, Lownds, Winslett & Moser, P.C., hereby answers Plaintiff's Original Complaint and Demand for Jury Trial as follows:

## I. INTRODUCTION

1.     TURSS admits that it is a "consumer reporting agency" as defined by applicable law. TURSS also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. TURSS denies the remaining allegations contained in paragraph 1 of the Complaint.

## II. JURISDICTION AND VENUE

2.     TURSS admits that jurisdiction is proper in this Court.

1

3. TURSS admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in this Court.

### III. PARTIES

4. TURSS restates and incorporates its responses to paragraphs 1 through 3 above as though fully stated herein.

5. TURSS admits that Plaintiff is a natural person and "a consumer" as defined by 15 U.S.C. § 1681a(c). TURSS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. TURSS admits that Plaintiff is "a consumer" as defined by 15 U.S.C. § 1681a(c).

7. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

8. TURSS admits that it is a "consumer reporting agency" as defined by applicable law. TURSS denies the remaining allegations contained in paragraph 8 of the Complaint.

9. TURSS admits that it is authorized to do business in the State of California. TURSS denies the remaining allegations contained in paragraph 9 of the Complaint.

10. TURSS admits that it is a "consumer reporting agency" as defined by applicable law. TURSS denies the remaining allegations contained in paragraph 10 of the Complaint.

11. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. TURSS denies the allegations contained in paragraph 12 of the Complaint.

## IV. FACTUAL BACKGROUND

13. TURSS restates and incorporates its responses to paragraphs 1 through 12 above as though fully stated herein.

14. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

18. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. TURSS admits the allegations contained in paragraph 19 of the Complaint.

20. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

26. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, denies same.

27. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies same.

29. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies same.

32. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. TURSS denies the allegations contained in paragraph 34 of the Complaint.

35. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

36. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies same.

37. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies same.

38. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies same.

39. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies same.

40. TURSS denies the allegations contained in paragraph 40 of the Complaint.

41. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies same.

42. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies same.

43. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies same.

44. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies same.

45. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies same.

46. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies same.

47. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies same.

48. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies same.

49. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies same.

50. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies same.

51. TURSS denies the allegations contained in paragraph 51 of the Complaint.

52. TURSS denies the allegations contained in paragraph 52 of the Complaint.

53. TURSS denies the allegations contained in paragraph 53 of the Complaint.

54. TURSS denies the allegations contained in paragraph 54 of the Complaint.

55. TURSS denies the allegations contained in paragraph 55 of the Complaint.

56. TURSS denies the allegations contained in paragraph 56 of the Complaint.

57. TURSS denies the allegations contained in paragraph 57 of the Complaint.

**V. COUNT I Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)**

58. TURSS restates and incorporates its responses to paragraphs 1 through 57 above as though fully stated herein.

59. The provisions of the FCRA are self-evident and speak for themselves. TURSS denies the allegations contained in paragraph 59 of the Complaint.

60. TURSS denies the allegations contained in paragraph 60 of the Complaint.

61. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and, therefore, denies same.

62. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and, therefore, denies same.

63. TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and, therefore, denies same.

64. TURSS denies the allegations contained in paragraph 64 of the Complaint.

65. TURSS denies the allegations contained in paragraph 65 of the Complaint.

66. Because of the vague and generalized nature of the allegations, TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and, therefore, denies same.

67. Because of the vague and generalized nature of the allegations, TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and, therefore, denies same.

68. Because of the vague and generalized nature of the allegations, TURSS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and, therefore, denies same.

69. TURSS denies the allegations contained in paragraph 69 of the Complaint.

70. TURSS denies the allegations contained in paragraph 70 of the Complaint.

71. TURSS denies the allegations contained in paragraph 71 of the Complaint.

72. TURSS denies the allegations contained in paragraph 72 of the Complaint.

73. TURSS denies the allegations contained in paragraph 73 of the Complaint.

74. TURSS denies the allegations contained in paragraph 74 of the Complaint.

75. TURSS denies the allegations contained in paragraph 75 of the Complaint.

76. TURSS denies the allegations contained in paragraph 76 of the Complaint.

77. TURSS denies the allegations contained in paragraph 77 of the Complaint.

## VI. PRAYER FOR RELIEF

TURSS denies the allegations contained in the Prayer paragraph of the Complaint.

## VII. JURY DEMAND

TURSS admits that Plaintiff demands a jury trial. TURSS denies the remaining allegations contained in this paragraph.

## DEFENSES

78. At all relevant times, TURSS maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

79. Any alleged damages to Plaintiff, which TURSS continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom TURSS has no control and for whom TURSS has no responsibility.

80. TURSS, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

81. TURSS at all times acted in compliance with the FCRA.

82. TURSS has not published any false, inaccurate or defamatory information to a third party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

83. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of California.

84. To the extent TURSS could be found liable, Plaintiff was comparatively/contributorily negligent.

85. In the event that a settlement is reached between Plaintiff and any other party, TURSS is entitled to any settlement credits permitted by law.

86. Any alleged damages to Plaintiff, which TURSS continues to deny, were caused in whole or in part by an intervening or superseding cause.

87. Plaintiff's claim for declaratory or injunctive relief is not authorized, provided for, or allowed under the FCRA.

88. TURSS affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

89. TURSS reserves the right to assert additional defenses that it may learn of through the course discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union Rental Screening Solutions, Inc. respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Original Complaint dismiss the action in its entirety, grant Defendant its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

| | | |
|---|---|---|
| 1 | DATED: April 11, 2022 | QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C. |
| 2 | | |
| 3 | | |
| 4 | | By: */s/ Kristin L. Marker*<br>  Kristin L. Marker |
| 5 | | Counsel for Counsel for Trans Union Rental Screening Solutions, Inc. |

# CERTIFICATE OF SERVICE

**STATE OF TEXAS, COUNTY OF COLLIN**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Collin, State of Texas. My business address is 6900 N. Dallas Parkway, Suite 800, Plano, TX 75024.

On April 11, 2022, I served true copies of the following document(s) described as **DEFENDANT TRANS UNION RENTAL SCREENING SOLUTIONS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 11, 2022, at Plano, Texas.

*/s/ Kristin L. Marker*
Kristin L. Marker

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | |
| 3 | Youssef H. Hammoud |
|   | youssef@pricelawgroup.com |
| 4 | Lauren T. Rodkey |
| 5 | tegan@pricelawgroup.com |
|   | Price Law Group, APC |
| 6 | 6345 Balboa Blvd., Suite 247 |
| 7 | Encino, CA 9131) 6- |
|   | (818) 600-5596 |
| 8 | (818) 600-5496 Fax |
| 9 | *Counsel for Plaintiff* |