Jason S. Roberts, Esq. (SBN: 221978)
**RESNICK & LOUIS, P.C.**
800 N. Haven Avenue, Suite 430
Ontario, CA 91764-4955
Telephone/Facsimile: (909) 457-7402
Email: jsroberts@rlattorneys.com

Camille R. Nicodemus, Esq. (*pro hac vice*)
**SCHUCKIT & ASSOCIATES, P.C.**
4545 Northwestern Drive
Zionsville, Indiana 46077
Telephone: (317) 363-2400
Facsimile: (317) 363-2257
E-mail:  cnicodemus@schuckitlaw.com

Counsel for Defendant
RENTSPREE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| HEBA AHMED, et al.<br><br><br>                    Plaintiff,<br><br>v.<br><br><br>TRANS UNION RENTAL<br>SCREENING SOLUTIONS, INC.;<br>RENTSPREE, INC.,<br><br>                    Defendants. | Case No. 8:22-cv-00366-CJC-JDE<br><br>Hon. Cormac J. Carney<br><br>**DEFENDANT RENTSPREE, INC.'S<br>NOTICE OF MOTION AND<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS; MEMORANDUM OF<br>POINTS AND AUTHORITIES**<br><br><u>Fed.R.Civ.P.</u> 12(c)<br><br>Hearing Date:  March 27, 2023<br>Time: 1:30 p.m.<br>Ctrm: 9B |

DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 27, 2023 at 1:30 p.m. or soon thereafter as the matter may be heard in Courtroom 9B, of the above entitled Court located at 411 W. Fourth Street, Santa Ana, California 92701, Defendant RentSpree, Inc.'s ("RentSpree") will and hereby does move for Judgment on the Pleadings on Plaintiffs' Complaints in this consolidated action pursuant to Federal Rule of Civil Procedure 12(c). RentSpree's motion will be made and based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such further argument and evidence as may be presented at the hearing of the motion.

This Motion is made following the conference of counsel for Trans Union and Plaintiff's counsel pursuant to L.R. 7-3, which took place on January 27, 2023, and the following week through subsequent communications.

DATED:  February 22, 2023          SCHUCKIT & ASSOCIATES P.C.

By:  */s/ Camille R. Nicodemus*
Camille R. Nicodemus, Esq.
Attorneys for Defendant
RentSpree, Inc.

DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

Ahmed Ahmed and Heba Ahmed ("Plaintiffs") brought this action alleging a violation of the Fair Credit Reporting Act ("FCRA") in connection with a notation on their Trans Union consumer reports that accurately stated that Plaintiffs' social security numbers "may" be invalid as they were either very recently or never issued by the Social Security Administration. See Complaints, ¶34 and ¶34.[1]   Plaintiffs allege that this accurate notation on their Trans Union consumer reports that their Social Security Numbers were recently issued caused prospective landlords to reject their tenant applications.  See Complaints, ¶53 and ¶53.

Plaintiffs' Complaints fail to state a claim against Defendant RentSpree because RentSpree is not a consumer reporting agency or a reseller under the Fair Credit Reporting Act ("FCRA") and is not subject to the FCRA's reporting and reinvestigation requirements which do not apply to mere conduits of credit information such as RentSpree.   Accordingly, Plaintiffs' Complaints should be dismissed pursuant to Rule 12(c).

## II. APPLICABLE LEGAL STANDARD

"A motion for judgment on the pleadings will be granted, pursuant to Fed. R. Civ. P. 12(c), if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009); see also Roth Grading, Inc. v. Martin Bros. Constr., No. 2:20-cv-00336, 2020 WL 5944446, at *2 (E.D. Cal. Oct. 7, 2020). Such a motion is "functionally identical" to one

---

[1]   Plaintiff Ahmed Ahmed's Complaint was original filed separately as SACV 22-00367-CJC(JDEx) and was consolidated with Heba Ahmed's case, by Order, Doc. No. 37.

DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS

brought pursuant to Rule 12(b), and "the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

Therefore, to survive the Motion, the Complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)). "The mere possibility of misconduct falls short of meeting this plausibility standard." Williams v. Aetna, Inc., No. 1:21-cv-00321, 2021 WL 1105355, at *1 (E.D. Cal. Mar. 23, 2021). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability... 'stops short of the line between possibility and plausibility of entitlement to relief." William J. Gradford v. Andy Gray, No. 1:21-cv-00421, 2021 WL 1253347, at *1 (E.D. Cal. Apr. 5, 2021) (quoting Twombly, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(c) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. Iqbal, 556 U.S. at 679. The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 570 .

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." Iqbal, 556 U.S. at 678. First, the court is not required to accept, as true, legal conclusions couched as factual allegations.

<u>Id.</u> Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 570). "But where the well-pleaded facts do not merit the court to infer more than the mere possibility of misconduct, the complaint…has not 'show[n]'…'that the pleader is entitled to relief.'" <u>Iqbal</u>, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. <u>Iqbal</u>, 556 U.S. at 678. Allegations "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences are . . . insufficient to defeat a motion to dismiss for failure to state a claim." <u>Scroggins v. Equifax Info. Solutions LLC</u>, et al., 2019 WL 3037588, at *1 (D. Ariz. July 11, 2019) (quoting <u>Daniels-Hall v. Nat'l Educ. Ass'n</u>, 628 F.3d 992, 993 (9th Cir. 2010)); <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996). Here, Plaintiffs' allegations do not cross the line from conceivable to plausible because the facts alleged fail to support their bald conclusion that RentSpree is subject to the requirements of the FCRA and, as such, the Motion should be granted.

### III. ARGUMENTS AND AUTHORITIES

**A. Plaintiff's Complaint Should be Dismissed Pursuant to Rule 12(c) Because RentSpree is not a Consumer Reporting Agency or Reseller under the Fair Credit Reporting Act.**

To maintain their FCRA claims against RentSpree, Plaintiffs must allege

3

specific facts to support a finding that RentSpree is subject to the requirements of the FCRA because it is a consumer reporting agency or a reseller.  15 U.S.C. § 1681 et seq.  Starkey v. Experian Information Solutions, Inc., 32 F.Supp.3d 1105, 1108-09 (C.D. Ca. Jan. 8, 2014).  The facts alleged in Plaintiffs' Complaints make it clear that RentSpree is neither a consumer reporting agency nor reseller, and does not assemble or evaluate credit information, but instead is a mere conduit that is not subject to the requirements of the FCRA.

A "consumer reporting agency" is defined as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

15 U.S. Code § 1681a(f).

A "reseller" is a consumer reporting agency that:

> assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party ... and ... does not maintain a database of the assembled or merged information from which new consumer reports are produced.

15 U.S.C. § 1681a(u).

Plaintiffs allege no facts to support a finding that RentSpree is a consumer reporting agency or reseller and instead, they allege facts that make it clear that RentSpree does not "assemble and merge information" as required to be subject to

4

DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

the FCRA, but instead is a mere conduit of information, an entity specifically conducting mechanical transmission tasks that are outside the purview of the FCRA. See e.g., Weidman v. Fed. Home Loan Mortg. Corp., 338 F. Supp. 2d 571, 575–77 (E.D. Pa. 2004) (finding that defendant who merely requested "credit reports on behalf of a contracting lender" in order to assist lenders in deciding whether to offer credit was not a CRA).

> Here, Plaintiffs' Complaints allege the following as to RentSpree:
> Rentspree provides real estate agents, landlords and property managers with rental applications, full credit reports & scores, criminal background checks and nationwide eviction reports.
> RentSpree partners with one of the major credit reporting bureaus, Trans Union, to obtain a tenant's consumer report and then transmits these consumer reports to landlords and agents.

Complaints, at ¶¶ 16 and 17 (emphasis added).

These allegations clearly indicate that RentSpree did not assemble or evaluate any credit information relating to Plaintiffs but instead that RentSpree was acting as a conduit and thus had no duties to Plaintiffs pursuant to the FCRA.  The FTC Staff Report from 2011 indicates that "conduits" are not CRAs under the Act.  "An entity that performs only mechanical tasks in connection with transmitting consumer information is not a CRA because it does not assemble or evaluate information.  For example, a business that delivers records, without knowing their content or retaining any information from them, is not acting as a CRA even if the recipient uses the records to evaluate the consumer's eligibility for insurance or another permissible purpose." Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act, an FTC Staff Report with Summary of Interpretations (July 2011),

5

DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS

available at https://www.ftc.gov/reports/40-yearsexperience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations, at 29 ("FTC Report") ("Conduit functions").

Where an entity merely acts as a conduit for information prepared or provided by others, it does not operate as a "consumer reporting agency" because it is not engaged, with respect to the communication at issue, in "assembling or evaluating . . . information on consumers." 15 U.S.C. § 1681a(f); see also Ori v. FifthThird Bank, 603 F.Supp.2d 1171, 1175 (E.D. Wis. 2009) ("[o]btaining and forwarding information does not make an entity a [consumer reporting agency]." (citation omitted))].

In a case on nearly identical facts, the Court dismissed FCRA claims against a tenant screening company, where plaintiffs alleged inaccuracies in a tenant screening report obtained by the landlord through RealPage, but prepared by Trans Union, holding that its role in the transaction did not bring RealPage within the purview of the FCRA's reporting and reinvestigation requirements. There, as here, the Trans Union Report indicated that the tenant's social security number might be fraudulent and Plaintiff alleged that this fraud alert resulted in denial of their housing application. Kholost v. U.S. Dep't of Hous. & Urb. Dev., Multifamily Ne. Region, No. 16-CV-6651 (AMD)(LB), 2018 WL 3539814, at *1 (E.D.N.Y. July 23, 2018). The Court granted RealPage's Motion to Dismiss and held that mere transmission of the Trans Union Report was insufficient to find that RealPage was subject to the FCRA. Id. at *4 (Defendant "was merely the conduit between TransUnion and [the landlord], not a credit reporting agency subject to suit under the FCRA. The mere receipt and retransmission of the TransUnion credit report does not make [defendant] a credit reporting agency.").

6

DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

Similarly, in <u>Mix v. JPMorgan Chase Bank, NA</u>, the Court addressed whether the FCRA applied to an entity who submitted fingerprints of certain job applicants and employees to JP Morgan Chase Bank and then engaged in "the concomitant dissemination of national fingerprint-based criminal history record check results to only the authorized officials of JPMorgan Chase who are involved in the human resources decisions," and concluded that "Fieldprint acts as a conduit rather than a CRA." <u>Mix v. JPMorgan Chase Bank, NA</u>, No. CV-15-01102-PHX-JJT, 2016 WL 5850362, at *5 (D. Ariz. Oct. 6, 2016) (citing the 2011 FTC Staff Report and collecting cases for proposition that transmission of consumer information or reports is insufficient to find an entity is a CRA) <u>appeal</u> <u>dismissed</u> <u>sub</u> <u>nom</u>. <u>Mix v. JPMorgan Chase & Co.</u>, No. 16-16967, 2017 WL 5125695 (9th Cir. May 9, 2017).

Plaintiffs' unadorned bald allegation that RentSpree is a "reseller," citing to the definition of reseller in the FCRA without more, see Complaints ¶7, subjects the Complaints to dismissal for failure to state a claim -- particularly where the factual allegations that Plaintiffs do make in the Complaint clearly indicate that RentSpree acted as a mere conduit in the transaction.  <u>See</u>, <u>e.g.</u>, <u>Crain v. Credit Protection Assoc.</u>, No. 3:09–CV–2353–D, 2010 WL 2891032, *2 (N.D. Tex. May 19, 2010) (holding that plaintiff's description of defendant as a "reseller" without "proffer[ing] any facts that could support a cause of action against it under the FCRA . . . is fatal to his claim against Defendant under <u>Iqbal</u>.)  Plaintiffs fail to allege any facts to support a finding that RentSpree assembled or evaluated credit information as required for liability under the FCRA.  <u>See</u>, <u>e.g.</u>, <u>Smith v. First Nat'l Bank of Atlanta</u>, 837 F.2d 1575, 1578-1579 (11th Cir. 1988) (the FCRA "narrowly defines consumer reporting agencies by stating that they assemble or evaluate consumer credit information.")  The Complaints should be dismissed for failure to state a claim.

7

**B.**     **Plaintiffs' Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile Since The Controlling Case Law And Facts Would Not Change And Plaintiffs Have Not, And Cannot, Allege Facts to Support a Finding That RentSpree Is Subject to the Fair Credit Reporting Act As a Consumer Reporting Agency or Reseller.**

Denial of leave to amend is proper where an amended pleading would be futile.  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Regina v. American Medical Systems Holdings, Inc., 2:18-cv-09914-VAP-JCx, 2019 WL 13252519, *2 (C.D. Ca. Oct. 2, 2019).   Here, Plaintiffs' Complaints against RentSpree should be dismissed without leave to amend because there is no way that Plaintiffs could manipulate the existing facts to state a claim under the FCRA, as the controlling case law and facts clearly preclude FCRA liability against RentSpree.

As discussed above, RentSpree is not a credit reporting agency or reseller pursuant to the FCRA and is not subject to the reporting and reinvestigation requirements of the FCRA and Plaintiffs' allegations in the Complaints clearly support a finding that RentSpree is a mere conduit of information and that Plaintiffs' claims should be dismissed.   The facts regarding RentSpree's function in the transaction at issue in the Complaint and the scope of the FCRA's application to such an entity cannot change and as such, amendment would be futile and the Complaint should be dismissed with prejudice.

DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

1

## IV. CONCLUSION

For the foregoing reasons, RentSpree respectfully requests that the Court dismiss the Complaint against RentSpree in its entirety with prejudice pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

SCHUCKIT & ASSOCIATES P.C.

DATED:  February 22, 2023

By:  /s/ Camille R. Nicodemus
Camille R. Nicodemus, Esq.
Attorneys for Defendant
RentSpree, Inc.

DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS

# CERTIFICATE OF SERVICE

**STATE OF INDIANA, COUNTY HAMILTON**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Hamilton, State of Indiana.  My business address is 4545 Northwestern Drive, Zionsville, Indiana 46077.

On February 22, 2023, I served true copies of the following document(s) described as **DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 22, 2023, at Zionsville, Indiana.

*/s/ Camille R. Nicodemus*
Camille R. Nicodemus, Esq.

10

DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR
JUDGMENT ON THE PLEADINGS

1

## SERVICE LIST

2

3    Youssef Hussein Hammoud, Esq.
     youssef@pricelawgroup.com
4    L. Tegan Rodkey, Esq.
5    tegan@pricelawgroup.com
     Price Law Group, APC
6    6345 Balboa Blvd., Suite 247
7    Encino, CA 91316
     (818) 600-5596
8    (818) 600-5496 Fax
9    ***Counsel for Plaintiffs***

10   Rachael Swernofsky
11   rswernofsky@qslwm.com
     Quilling Selander Lownds Winslett
12   And Moser PC
13   6900 North Dallas Parkway, Suite 800
     Plano, TX 75024
14   (214) 560-5442
15   (214) 871-2111 Fax
     ***Counsel for Trans Union Rental***
16   ***Screening Solutions, Inc.***

17   Michael J. Dailey, Esq.
18   mdailey@grsm.com
19   Craig J. Mariam, Esq.
     cmariam@grsm.com
20   Gordon Rees Scully Mansukhani, LLP
21   633 West 5th Street, 52nd Floor
     Los Angeles, CA 90071
22   (213) 576-5000
23   (877) 680-4470 Fax
     ***Counsel for RentSpree, Inc.***

24

25

26                              11

27    DEFENDANT RENTSPREE, INC.'S NOTICE OF MOTION AND MOTION FOR
28                  JUDGMENT ON THE PLEADINGS