1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10

# SOUTHERN DIVISION

11

| | |
|---|---|
| HEBA AHMED and AHMED AHMED, | Case No.: SACV 22-00366-CJC (JDEx) |
| Plaintiffs, | |
| v. | ORDER DENYING DEFENDANT RENTSPREE, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. 54] |
| TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and RENTSPREE, INC., | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiffs Heba Ahmed and Ahmed Ahmed brought suit against Defendants Trans Union Rental Screening Solutions, Inc., and RentSpree, Inc., alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  (*See* Dkt. 1 [Complaint, hereinafter "Compl."] at 1.)  Now before the Court is Defendant RentSpree's motion for judgment on the pleadings.  (*See* Dkt. 54 [Notice of Motion and Motion for Judgment on

the Pleadings, hereinafter "Mot."].)  For the following reasons, RentSpree's motion is **DENIED**.[1]

## II.   BACKGROUND

Plaintiffs and their family sought asylum in the United States in June 2010, and in December 2011 they were granted work authorization cards and issued social security numbers ("SSN").  (Compl. ¶ 35.)  In September 2021, Plaintiffs began searching for a new residential property to rent.  (*Id.* ¶¶ 20–22.)  They assert that they submitted rental applications to at least ten properties, all of which were rejected.  (*Id.* ¶¶ 23–24.)  After inquiring into the reason for their rejection, Plaintiffs were informed by various landlords and/or property managers that they were rejected because their consumer credit reports included a notation stating that their SSNs were possibly fraudulent and/or invalid. (*Id.* ¶ 28.)

In early 2022, Plaintiffs learned that the reports specifically stated, "SSN may be invalid – it was either very recently or never issued by the Social Security Administration" under the Fraud Indicator(s) section of the report.  (*Id.* ¶ 34.)   Plaintiffs further learned that Trans Union "includes the fraud indicator in the reports of any consumers that obtained a social security number after 2011."  (*Id.* ¶ 43.)  When they raised the issue with the Trans Union Credit Bureau, they were told that the consumer reports "did not include any inaccurate information because they did obtain their social security numbers after 2011."  (*Id.* ¶ 49.)

//

//

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 27, 2023, at 1:30 p.m. is hereby vacated and off calendar.

## III.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion asserting that a plaintiff has failed to state a claim, or that a defendant has failed to state a defense, is governed by the same standard as a Rule 12(b)(6) motion to dismiss.  *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. June 4, 2021) (explaining that motions for judgment on the pleadings are "functionally identical" to Rule 12(b)(6) motions).  "Judgment is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *S.F. Taxi Coal. v. City & County of San Francisco*, 979 F.3d 1220, 1223 (9th Cir. 2020) (cleaned up).  In deciding a motion for judgment on the pleadings, courts accept as true all of the nonmovant's factual allegations and construe them in the light most favorable to that party.  *See Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

## IV.   DISCUSSION

The FCRA regulates the conduct of consumer reporting agencies ("CRAs") and resellers, requiring them to adopt reasonable procedures with respect to the "confidentiality, accuracy, relevancy, and proper utilization" of the information they provide.  15 U.S.C. § 1681(b).  RentSpree argues that its motion should be granted because it is neither a CRA nor a reseller under the FCRA, as it "did not assemble or evaluate any credit information relating to Plaintiffs," but rather "was acting as a conduit and thus had no duties to Plaintiffs pursuant to the FCRA."  (Mot. at 5.)  The Court disagrees.

The FCRA defines a "reseller" as "a consumer reporting agency that (1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced."  15 U.S.C.A. § 1681a(u).

RentSpree argues that it does not "assemble and merge information," as required to be a reseller under the FCRA, but instead "is a mere conduit of information, an entity specifically conducting mechanical transmission tasks that are outside the purview of the FCRA." (Mot. at 4–5.)  But the Complaint alleges that RentSpree "provides real estate agents, landlords and property managers with rental applications, full credit reports & scores, criminal background checks and nationwide evictions reports."  (Compl. ¶ 16.)  In other words, RentSpree is alleged to have "assembled and merged" information in a credit reporting agency's database with information from other sources (such as criminal background checks and nationwide eviction reports) for the purpose of selling the packaged information to a third party.

None of the out-of-circuit district court cases RentSpree cites in support of its argument are persuasive.  They dealt either with situations where the defendant did nothing more than transmit a report from a CRA to a third-party, or where the defendant merely provided information regarding a debt to a CRA—not situations like the one here, where RentSpree is alleged to have combined credit reports with information from other sources and sold the packaged information to third parties.  For example, RentSpree cites language from *Ori v. FifthThird Bank*, 603 F.Supp.2d 1171, 1175 (E.D. Wis. 2009), that "[o]btaining and forwarding information does not make an entity a [consumer reporting agency]." (Mot. at 6.)  But the case *Ori* cited for that proposition dealt only with whether "retailers such as Stern's and Bloomingdale's that merely furnish information to

consumer reporting agencies based on their experience with consumers" were CRAs. *DiGianni v. Stern's*, 26 F.3d 346, 348 (2d Cir. 1994).  While it is true that "[m]erely sending or conveying documents regarding consumer debts to CRAs does not constitute 'assembling or evaluating' consumer credit information under the FCRA," *Payne v. Trans Union*, 2010 WL 1254298, at *3–4 (E.D. Pa. Mar. 31, 2010), those are not the facts alleged in the Complaint.[2]

The definition of a reseller in 15 U.S.C. § 1681a(u) is broad, and the phrase "assembles and merges information" is not defined.  The language of the statute and the relevant case law demonstrate that whether an entity is acting as a reseller in a particular situation is a fact-specific inquiry.  While agencies such as RentSpree may not be the classic CRAs, they can become ones if, as alleged here, they assemble and merge information from a CRA for the purpose of selling the packaged information to a third party.  *See, e.g.*, *Poore v. Sterling Testing Sys., Inc.*, 410 F. Supp. 2d 557, 560 (E.D. Ky. 2006) (finding that party which "prepare[d] an 'investigative consumer report' which "may include a reference check, criminal conviction check, credit report or Department of Motor Vehicle report" was a consumer reporting agency).  Factual discovery will help determine whether RentSpree acted as a reseller in this case.

//
//
//
//
//
//
//

---

[2]  Further, the discussion of this topic in *Kholost v. U.S. Dep't of Hous. & Urb. Dev., Multifamily Ne. Region*, 2018 WL 3539814, at *1 (E.D.N.Y. July 23, 2018), was limited to two sentences with no citation to supporting authority and no clear description of the defendant's alleged conduct.

**V.     CONCLUSION**

For the foregoing reasons, RentSpree's motion for judgment on the pleadings is **DENIED**.

DATED:      March 16, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE